THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00073-MR-DLH

| | |
|---|---|
| WILLIAM C. BURNHAM, ) </br> ) </br> Plaintiff, ) </br> ) </br> vs. ) </br> ) </br> ) </br> ASHEVILLE POLICE DEPARTMENT, ) </br> ) </br> Defendant. ) </br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's "Motion to Appoint Attorney" [Doc. 5]; the Plaintiff's "Motion to Amend Pleadings Motion to Remove 1 Defendant Motion to Add 2 Defendants" [Doc. 6]; and the Plaintiff's "Motion for Em[ergency] Hearing for Prelim[in]ary Inju[n]ction" [Doc. 7].

The Plaintiff initiated this action on March 23, 2018, asserting claims under 42 U.S.C. § 1983, the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), and the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("ADA"), against the Asheville Police Department ("APD") for a variety of wrongs. Finding the Plaintiff's Complaint to be factually and legally baseless, the Court dismissed this action on March 26, 2018. [Docs. 3, 4].

After this case was dismissed, the Court received the present motions from the Plaintiff. [Docs. 5, 6, 7].

In one of these motions, the Plaintiff moves to amend his Complaint to remove the Clerk of Court as a defendant and to add Mission Hospital as a defendant.[1] [Doc. 6]. The Plaintiff's motion to amend his Complaint is not well-taken. First, the Plaintiff never identified the Clerk of Court as a defendant in this action, and therefore, his request to remove the Clerk as a defendant is moot. Second, the addition of Mission Hospital as a defendant would do nothing to change the Court's conclusion that the Plaintiff's Complaint is frivolous and fails to state a cognizable claim under any of the federal statutes cited. As such, adding Mission Hospital as a defendant would be futile. For all of these reasons, the Plaintiff's motion to amend is denied.

The Plaintiff also seeks the appointment of counsel to represent him. [Doc. 5]. There is, however, no constitutional right to counsel in civil cases, and the Fourth Circuit Court of Appeals has instructed that courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in

---

[1] The caption of the Plaintiff's motion indicates that he wishes to remove two defendants. However, in the body of his motion, the Plaintiff references adding only Mission Hospital as a party.

2

exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). Here, the Plaintiff's Complaint has been dismissed as frivolous. Accordingly, the Court concludes that this case is not one in which exceptional circumstances merit the appointment of counsel. Accordingly, the Plaintiff's request for the appointment of counsel is denied.

Finally, because this action has been dismissed, the Plaintiff's request for an emergency preliminary injunction hearing is denied.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "Motion to Appoint Attorney" [Doc. 5]; the Plaintiff's "Motion to Amend Pleadings Motion to Remove 1 Defendant Motion to Add 2 Defendants" [Doc. 6]; and the Plaintiff's "Motion for Em[ergency] Hearing for Prelim[in]ary Inju[n]ction" [Doc. 7] are **DENIED**.

**IT IS SO ORDERED.** Signed: March 29, 2018

Martin Reidinger
United States District Judge